Elizabeth **BLODGETT** and Richard Tarmey, Plaintiffs-Appellants,

v.

**COUNTY OF SANTA CRUZ, Pat Liberty, Dan Forbus, Chris Matthews, and Gary Patton, Defendants-Appellees.**

No. 81–4546.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 13, 1982.

Decided Aug. 25, 1982.

Joseph M. Gughemetti, Mountain View, Cal., for plaintiffs-appellants.

E. Clement Shute, Jr., Shute, Mihaly & Weinberger, San Francisco, Cal., for defendants-appellees.

Before WISDOM *, MERRILL and NORRIS, Circuit Judges.

PER CURIAM.

Appellants are property owners of adjoining parcels in a rural area of Santa Cruz, California. They have brought suit under 42 U.S.C. §§ 1983, 1985 and 1986 against appellees, the County of Santa Cruz and four members of its board of supervisors. They allege that appellees engaged in a series of knowing and intentional acts designed to deprive appellants of due process and equal protection of the laws in connection with appellees' rejection of appellants' requests for rezoning and minor land divisions. The district court, 553 F.Supp. 1090, granted summary judgment in favor of appellees and this appeal was taken. We agree that no material issue of fact is presented and accordingly affirm.

Appellants' assignments of error and contentions on appeal were all argued to the district court and are meticulously dealt with by the district court in a memorandum opinion. Upon all issues here presented, we agree with the district court for the reasons set forth in the memorandum opinion.

■ 1. Appellants presented no material issue of fact challenging the overwhelming evidence that appellees acted in a fair, open, evenhanded manner in the processing and denial of appellants' applications. As the district court opinion makes clear in detail, there is no merit whatsoever in appellants' contentions that they were not afforded procedural due process, in that they did not have (a) an unbiased tribunal, (b) notice of the proposed action and the grounds asserted for it, (c) a fair hearing with opportunity to present opposition to the proposed action and the right to call witnesses, (d) a decision based only on the evidence submitted, or (e) a right to counsel. Appellees complied fully with all state and local procedural requirements.

■ 2. There is no merit in appellants' contention that they were denied equal protection of the laws in that they were subjected to discriminatory spot zoning. Most of the small parcels surrounding their parcels were created prior to 1972 when the first county land division requirements became effective. Moreover, appellants' applications were submitted after passage of the county initiative of 1978 which discouraged the subdivision of rural land and directed the supervisors to enact a growth management system to implement the goals of the initiative. This new public policy was applied not only to appellants' applications, but also to all other requests for rural land division made in 1979 and 1980. There was, then, a rational basis for treating appellants' parcels differently from those surrounding them.

3. The record is clear that appellants' parcels are located within areas officially

* The Honorable John Minor Wisdom, Senior Circuit Judge, United States Court of Appeals for the Fifth Circuit, sitting by designation.

designated, after public hearings (not attended by appellants), as critical fire areas and primary ground water recharge areas. There is no evidence to support appellants' assertion that the maps designating these areas were false.

■ 4. The extension agreement between the county and the state Office of Planning and Research (OPR) was lawful. As a condition to its granting the county additional time to adopt a general land use plan, OPR required certain concessions from the county. The county necessarily acquiesced in order to meet its obligations under state law to provide a general plan and to avoid litigation challenging its zoning decisions. The agreement was not secret but was entered into by resolutions adopted in a noticed public meeting of the board of supervisors. The agreement did not amount to a surrender of discretionary functions of the board but was, rather, a recognition by the county that it was subject to the requirements of state law and that the board was without discretionary power to act in violation of state law.

5. It was the conditions to extension imposed by the OPR that precluded consideration of the potential for mitigation existing as to appellants' parcels. With specific reference to appellants' applications a letter from OPR stated, "Because the purpose of the extension is to preserve the County's planning options while granting it immunity from suits over the adequacy of its general plan, piecemeal changes to the conditions undermine the Legislature's purpose in allowing an extension."

JUDGMENT AFFIRMED.