Jack VAN KOMEN, Plaintiff,

v.

MONTGOMERY WARD & COMPANY, et al., Defendants.

No. CV84–9043–JSL(Gx).

United States District Court, C.D. California.

June 25, 1986.

---

Pearl Lattaker, Los Angeles, Cal., for plaintiff.

Victoria D. Stratman, O'Melveny & Myers, Los Angeles, Cal., for defendants.

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

LETTS, District Judge.

Defendant Montgomery Ward & Co. ("Ward") has moved for summary judgment in this wrongful termination suit brought by Plaintiff Jack Van Komen. Having reviewed the materials submitted by the parties, and having heard oral argument of counsel, the Court believes the motion must be GRANTED.

This case is one of four wrongful termination cases decided together by this Court. In all four, summary judgment has been granted for defendant employer based on California law. As this Court said in the first of the four cases, *Cox v. Resilient Flooring Division of Congoleum Corp.*, 638 F.Supp. 726 (C.D.Cal.1986), this Court must in diversity cases "apply state law as the state's highest court would." *Hillary v. Rushen*, 720 F.2d 1132, 1138 n. 5 (9th Cir.1983).

## I. FACTS

Plaintiff Van Komen was hired in November 1968 by Ward, to work in its Norwalk, California office. Van Komen held various supervisory positions during his term of employment, with most of his work in the debt collection area. In 1983, Van Komen was in charge of the M and WXYZ cycles, which entailed supervising debt collectors working on the accounts of persons with last names beginning with those letters.

Van Komen went through a mid-year appraisal on August 5, 1983, in accordance with Ward's procedures. He received an overall rating of "MM + ." Ward's Disciplinary Guide provides that supervisors who receive that rating or lower are to be placed on probation for at least sixty days. At the time of Van Komen's rating, his unit's performance had been ranked sixth out of six units at Ward. Consequently, Van Komen was placed on probation for sixty days beginning August 9, 1983. At this time Van Komen was given certain objectives to meet, and understood that he would be terminated if he failed to meet them. When, at the end of the sixty-day period the objectives were not met, Van Komen was placed on a final thirty-day probationary period in accordance with the Disciplinary Guide. When, at the end of this thirty day period he had not met the required objectives, he was terminated on November 4, 1983.

Van Komen filed a wrongful termination/breach of contract suit in Los Angeles County Superior Court on September 20, 1984. Ward subsequently removed the case to federal court on grounds of diversity of citizenship. The complaint contains three causes of action: (1) breach of express and implied contract; (2) breach of contract—independent consideration; and (3) breach of the covenant of good faith and fair dealing and infliction of emotional distress. Ward's summary judgment motion is directed at all three causes of action.

## II. ANALYSIS

A. *Van Komen was terminated for good cause.*

■ Because Van Komen was a long-term Ward employee, this Court will assume for purposes of this motion that under the line of cases beginning with *Pugh v. See's Candies,* 116 Cal.App.3d 311, 171 Cal.Rptr. 917 (1981), he was entitled to be terminated only for cause. Van Komen's case fails as a matter of law, nonetheless, because the undisputed evidence presented on the motion for summary judgment reveals that he was terminated for good cause.

The evidence shows overwhelmingly that Van Komen was terminated for unacceptable performance in his job as collections supervisor. At the time he was placed on probation, his unit was ranked sixth out of six units, and he failed to meet the objectives set for him by Ward during both his first and second probationary periods. Ward's decision to terminate him at the end of the second probationary period certainly constitutes good cause as a matter of law absent any suggestion that Ward's stated reasons for termination were a mere pretext for some prohibited reason. *See Pugh,* 116 Cal.App.3d at 330, 171 Cal. Rptr. 917.

B. *Van Komen has failed to raise any issue of fact as to any other possible claim.*

■ Van Komen contends that his transfer into the Open Collections Department approximately two years prior to his termination was arbitrary and done for the purpose of "setting him up for failure." He asserts that virtually no one had succeeded in that department, and that the objectives he was required to meet during probation were unreasonable. The problem with these arguments is that they are wholly conclusory and devoid of any specific factual support in the record. *See Blodgett v. Santa Cruz County,* 553 F.Supp. 1090, 1094 (N.D.Cal.1981), *aff'd,* 698 F.2d 368 (9th Cir.1982). Aside from his own cryptic, broadly phrased, and conclusory assertions, Van Komen simply has failed to put forward any facts from which the Court might draw an inference in his favor. This showing is insufficient to create a genuine factu-

al issue in opposition to a well-supported summary judgment motion. *See* Fed.R. Civ.P. 56(e); *THI-Hawaii, Inc. v. First Commerce Financial Corp.,* 627 F.2d 991, 994 (9th Cir.1980) (party opposing the motion must present "significant probative evidence tending to support" his theory). The most prominent omission is any evidence tending to show that the objectives that he was expected to achieve were in fact unreasonable.

Faced with the plainly sufficient documentation provided by Ward that he was terminated because of his poor performance, Van Komen is not entitled to rest on his pleadings and unsupported conclusions. *See* Fed.R.Civ.P. 56(e). Because Van Komen has failed to provide even the most minimal factual basis for his broad conclusion that Ward's conduct or expectations were arbitrary or unreasonable, he has not raised a genuine issue of material fact with respect to the legality of his termination.

C. *Van Komen would have this Court punish Ward for its leadership in developing procedures for its employees' benefit.*

One final aspect of this case deserves comment in light of this Court's opinion in *Cox.* Van Komen attempts to argue that Ward should have transferred or demoted him rather than terminating him outright. He bases this on a single statement in his declaration that the company had a "practice" of placing long-term employees in another position in lieu of termination. This unsupported reference to company practice cannot survive the evidence presented by Ward that express, written company policy called for termination of employees failing to meet their objectives after the second probationary term, and that any practice of offering transfer or demotion rather than termination normally was not applicable to supervisory personnel or those terminated for cause. In effect, Cox seeks to have this Court determine that Ward's written policies are "bad."

■ The Court has noted in *Cox* that the law should not develop so as to punish the

leaders for developing clear policies for dealing with employees whose performance is poor. In this case, a corporate employer has developed policies designed to give long-term employees every possible chance before the final decision to terminate is made. When the employee ultimately fails, as did Van Komen here, it is not a good result for the law to leave the forward-thinking employer significantly worse off than it would have been had it had no policy at all. Punishing an employer for granting its employees a "second bite of the apple" when it was not required to do so inevitably raises the question whether it is wise ever to adopt such "second bite" policies.

Additionally, if the Court were to take as true the allegation that Van Komen was placed into a job with clearly-defined performance goals which he could not meet, it would prove again that courts are being asked to venture into a dangerous area. Courts are ill-equipped to judge whether disciplinary policies such as those at issue in this case are the result of corporate good citizenship or merely a reflection of the advice of those in the "disemployment industry," *see Cox* at 24, whose *raison d'etre* is to clothe in a legally-defensible fabric every decision to terminate. The Court does not know the answer to this question in this case, nor can it.

## III. CONCLUSION

Because there is no genuine issue as to any material fact, and because Ward is entitled to judgment as a matter of law, its motion for summary judgment is GRANTED.

So ordered.