Lewis **EISENBERG**, Plaintiff,

v.

**INSURANCE COMPANY OF NORTH AMERICA, et al., Defendants.**

No. CV84–9025–JSL(Px).

United States District Court,
C.D. California.

June 25, 1986.

Michael S. Duberchin, North Hollywood, Cal., for plaintiff.

James S. Bryan, Los Angeles, Cal., for defendants.

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

LETTS, District Judge.

Defendant Insurance Company of North America ("INA") has moved for summary

judgment in this wrongful termination suit brought by Plaintiff Lewis Eisenberg. Having reviewed the submissions of both parties, and having heard oral argument of counsel, the Court has decided that the motion should be GRANTED.

This is one of four wrongful termination cases decided together by the Court. Summary judgment has been granted for the employer in each of the four. In this diversity case, this Court must "apply state law as the state's highest court would." *Cox v. Resilient Flooring Division of Congoleum Corp.*, 638 F.Supp. 726, No. 84–6951 (C.D. Cal.1986) (quoting *Hillery v. Rushen*, 720 F.2d 1132, 1138 n. 5 (9th Cir.1983)).

## I. FACTS

Eisenberg began his employment with INA in January, 1979 as a claims supervisor in INA's Woodland Hills office, handling workers' compensation claims. Later in 1979, he was promoted to claims unit manager at Woodland Hills. He was transferred to the Los Angeles service office and promoted to claims service manager in June 1980. In December 1982, he was asked to transfer to the new Northridge claims center, to a position that was in essence a demotion. After Eisenberg tried unsuccessfully to overturn the transfer decision, he accepted the new position. On May 23, 1983, about five months after the transfer, INA notified Eisenberg that for economic reasons, two positions at Northridge, including his own, were being eliminated. The company promised to try to find him another job in the eight week period from May 25, 1983 to July 20, 1983. Eisenberg was given regular pay for four weeks after the notification date, and severance pay for another eight weeks. He was terminated formally on August 18, 1983, after the job search proved fruitless.

Eisenberg filed suit on August 5, 1984, more than one year after notification of his job elimination but less than one year from the date of formal termination. His complaint originally contained four causes of action: (1) breach of contract; (2) breach of the covenant of good faith and fair dealing; (3) fraud; and (4) intentional infliction of emotional distress. Eisenberg has now withdrawn the fraud claim. INA directs its summary judgment motion at the remaining causes of action.

## II. ANALYSIS

A. *Eisenberg contends that he was terminated in violation of a public policy.*

The heart of Eisenberg's complaint is that he had an implied contract with INA to be terminated only for good cause, and that INA breached the contract or the covenant of good faith and fair dealing, or committed a tort, when it terminated him not because of a genuine reduction in force but because he had complained of violations of the California Insurance Code allegedly being committed by a company whose account he supervised. INA contends that Eisenberg was not entitled to be terminated only for cause, that there was no breach of the covenant of good faith and fair dealing, that the statute of frauds would bar any oral promise for termination only for cause, and that Eisenberg's tort claims are barred by California's one-year statute of limitations. It also argues that, in any event, Eisenberg was terminated for cause.

B. *Eisenberg's showing is inadequate to create a genuine fact issue concerning the alleged public policy violation.*

The Court need not decide most of the issues raised by the parties. This is true because, as noted above, Eisenberg's claim rests on the theory that he was terminated not for a legitimate business reason (the elimination of his position), but for another purpose (retaliation for refusing to cooperate with violations of the Insurance Code). For purposes of this opinion, the Court assumes that Eisenberg could be fired only for cause, and that neither the statute of frauds nor the statute of limitations bars any of his causes of action. Nevertheless, Eisenberg's case fails because his papers opposing the motion for summary judgment do not raise genuine issues of material fact with respect to his asserted theory of the reason for his termination.

The moving party in a summary judgment motion has the initial burden of showing that there are no material facts in dispute, with the facts viewed in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). When a motion is made and supported as provided in Fed.R.Civ.P. 56, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). Unsubstantiated and conclusory allegations are insufficient to create a dispute as to a material fact. *See Mitchel v. General Electric Co.*, 689 F.2d 877, 879 (9th Cir.1982). If the moving party is entitled on those undisputed facts to judgment as a matter of law, summary judgment is proper. *See* Fed.R. Civ.P. 56(e).

In this case, INA has shown that Eisenberg was terminated as part of a genuine reduction in force. This has been held to be good cause for termination under the standard articulated in *Pugh v. See's Candies, Inc.*, 116 Cal.App.3d 311, 171 Cal. Rptr. 917 (1981). *See Gianaculas v. Trans World Airlines, Inc.*, 761 F.2d 1391, 1395 (9th Cir.1985); *Clutterham v. Coachmen Industries, Inc.*, 169 Cal.App.3d 1223, 1227, 215 Cal.Rptr. 795 (1985).

Eisenberg contends, as has been noted, that the reduction in force was not the "real" cause of his termination. For him to prevail on this motion, Eisenberg must set forth specific facts showing that there is a genuine issue as to his allegation that he was terminated for refusing to acquiesce in a violation of the Insurance Code.[1]

Eisenberg has failed to make a showing adequate to counter INA's. In his opposition brief he asserts that he "had refused to participate in violation of the California Insurance Codes.... He was told to cooperate with clients and fellow workers, regardless of their conduct violative of California law." Opposition brief at 12. In his statement of genuine issues he states that he was fired because of his "refusal to violate sections of the California Insurance Codes as demanded by his superiors and Defendant's clients." Statement of Genuine Issues at 3. Finally, in his affidavit in opposition to this motion, Eisenberg states that "[d]uring the course of my employment, it became clear to me that one of defendant's accounts, which I supervised, was violating a section of the California Insurance Code. I refused to cooperate in that practice and notified my superiors.... I was instructed to cooperate with this account." Eisenberg Declaration at 2.

The Court finds Eisenberg's response lacking in the requisite degree of specificity, either with respect to the nature and significance of the alleged "violation" or its connection with the course of Eisenberg's employment, to create a genuine issue for trial. *See Blodgett v. County of Santa Cruz*, 553 F.Supp. 1090, 1094 (N.D.Cal. 1981), *aff'd*, 698 F.2d 368 (9th Cir.1982). His response is also conclusory. *See Mitchel*, 689 F.2d at 879. *See also THI–Hawaii, Inc. v. First Commerce Financial Corp.*, 627 F.2d 991, 994 (9th Cir.1980) (opposing party must present *"significant probative evidence* tending to support" his theory) (emphasis added).

## III. CONCLUSION

Because the Court finds that there are no material facts in dispute on the issue of the grounds for Eisenberg's termination, and because INA is entitled to judgment as a matter of law, INA's motion for summary judgment is GRANTED.

So ordered.

---

1. The Court notes here that a claim of "pretext" in the context of a public policy violation is an appropriate argument under the standards previously articulated by this Court. While this Court noted in *Cox*, at 733 n. 5, that generally an examination of pretext is inappropriate in wrongful termination cases which do not raise discrimination issues, an allegation of termination in violation of a state statute appears to this court to justify such an inquiry. Conceptually, one could say that discrimination is a subset of a larger category of "public policy" violations as to which violation of a state statute would be similar in kind.