[No. B007792. Second Dist., Div. Five. July 12, 1985.]

LEON CLUTTERHAM, Plaintiff and Appellant, v.
COACHMEN INDUSTRIES, INC., Defendant and Respondent.

**COUNSEL**

Murchison & Cumming and George M. Wallace for Plaintiff and Appellant.

Mark A. Boling, Brian Nevins Winn, Morgan, Lewis & Bockius, Renee P. Turkell and Michael L. Wolfram for Defendant and Respondent.

**OPINION**

**ASHBY, Acting P. J.**—In this action for wrongful termination, the former employee, plaintiff and appellant Leon Clutterham, appeals from a summary judgment in favor of the former employer, defendant and respondent Coachmen Industries. We affirm on the ground of respondent's uncontradicted showing that appellant's responsibilities were transferred to a different division during a reorganization of respondent's operations.

Respondent's predecessor in interest, Sportscoach Corporation of America, hired appellant in 1970 as its sales representative to promote the sale in several western states of recreational vehicles built by Sportscoach. In 1978 respondent Coachmen Industries fully acquired Sportscoach Corpo-

ration of America and took over its operation. In April 1979 appellant and respondent executed a written "independent sales representative agreement." The agreement contained a termination clause providing: "This agreement may be terminated by either party upon 30 days written notice to the other party. . . . Should any violation occur of the General Terms of this agreement, by the Representative or the Company, this agreement is then subject to immediate termination."

On July 20, 1979, respondent gave notice of termination to appellant, the notice stating: "Because of a number of reasons, not the least of which is the present RV market, a decision has been reached to suspend manufacturing of the Sportscoach product here in California effective immediately. [¶] Coupled with this decision, it was determined that to the best interests of Coachmen Industries, Inc. the Sportscoach entity would be transferred to the Consolidated Leisure Division in Elkhart, Indiana. The plant would be moved back to Indiana and Sportscoach would be marketed along with the various other products that this Division manufactures. [¶] Therefore, it is with regret that I must inform you that under the terms of your Sales Agreement with Sportscoach, your services will no longer be needed as of August 31, 1979."

Appellant filed the instant complaint for breach of oral and written contract, breach of implied covenant of good faith and fair dealing, and wrongful termination. The theory of appellant's case was that the contract permitted termination only for cause, and that respondent lacked good cause for terminating appellant. Respondent filed a motion for summary judgment supported by the declaration of Robert J. Adasiak and other exhibits. Respondent contended that appellant was an independent contractor, that as a matter of law the employment was at will and did not require good cause for termination, and that in any event respondent had good cause to terminate appellant. Appellant submitted no declarations in opposition to the motion for summary judgment. He submitted points and authorities which argued that triable issues of fact could be inferred even from respondent's evidence, on the questions of appellant's status as an independent contractor, the interpretation of the contract as requiring good cause, and the existence of good cause.

The trial court granted the motion for summary judgment on the ground that *even assuming* (1) appellant was an employee with a contract requiring good cause for termination, (2) the contract was subject to an implied covenant of good faith and fair dealing, and (3) appellant had given satisfactory service, respondent had shown that there was good cause for termination due to the depressed conditions in the industry and the relocation of corporate operations. Appellant having submitted no evidence to contradict

respondent's showing, the court found no triable issues of material fact. (Code Civ. Proc., § 437c.) We affirm.

 Conceding that he presented no evidence in opposition to the motion for summary judgment, appellant argues that the motion nevertheless should have been denied on the ground that reasonable contrary inferences could be drawn from respondent's own evidence. (See, e.g., *Hepp* v. *Lockheed-California Co.* (1978) 86 Cal.App.3d 714, 717-718 [150 Cal.Rptr. 408].)[1] The declaration of Robert Adasiak, president of Sportscoach, addressed four issues: (1) the claim that appellant was an independent contractor subject to termination at will; (2) the depressed conditions in the recreational vehicle industry in 1979; (3) the reorganization and relocation of respondent's operations; and (4) lack of satisfactory effort by appellant in promoting the product. Appellant contends that reasonable inferences could be drawn supporting the existence of triable issues of fact relating to the interpretation of the contract and the quality of appellant's services.[2] But the trial court assumed that the contract required good cause for termination, that it contained an implied covenant of good faith and fair dealing, and that triable issues of fact existed concerning appellant's job performance. The court granted the motion because even assuming these issues in appellant's favor, respondent had shown, without contradiction by appellant or other reasonable inferences, good cause for appellant's termination in view of market conditions and company reorganization. The record supports the trial court.

Mr. Adasiak declared, "11. Due to the extremely depressed market in the Recreational Vehicle ('RV') industry during 1979, [respondent transferred] all operations for six (6) of its facilities from California back to Indiana, its corporate headquarters, in an effort to reduce its overhead at these facilities. Said facilities included (1) the SPORTSCOACH operation and plant in Chatsworth, California, (2) COACHMEN's RV plant in Northern California, (3) COACHMEN's RV plant in Hemet, California, (4) a parts and accessories division, (5) an awning company, and (6) a furniture factory. [¶] 12. Plaintiff's termination from said defendant as an independent sales representative was caused by, (1) said defendant's change in corporate operations and facilities, as mentioned *supra;* (2) the depressed market of the RV industry; and (3) plaintiff's lack of satisfactory effort in promoting and selling said defendant's product."

---

[1]Code of Civil Procedure section 437c, subdivision (c), provides in pertinent part that "summary judgment shall not be granted by the court based on inferences reasonably deducible from [all the evidence set forth in the papers], if contradicted by other inferences or evidence, which raise a triable issue as to any material fact."

[2]For example, prior correspondence from respondent to appellant criticized inadequate travel by appellant in his territory and appellant's involvement in a sideline business, but also acknowledged the high cost of traveling in his territory under depressed market conditions and concluded, "Please consider this letter not to be directed at you personally."

Appellant argues that the removal of manufacturing operations to Indiana was not a good reason for terminating a sales position. However, as explained in the letter of termination of July 20, 1979, "the Sportscoach *entity* would be transferred to the Consolidated Leisure Division in Elkhart, Indiana. The plant would be moved back to Indiana and *Sportscoach would be marketed along with* the various other products that this Division manufactures." (Italics added.) Thus respondent showed that the parent corporation made a business judgment to reorganize not only its manufacturing but also its marketing operations, the marketing to be conducted by a different division, with the result that appellant's services were no longer needed. This constituted good cause to terminate appellant. (See *Gianaculas* v. *Trans World Airlines, Inc.* (9th Cir. 1985) 761 F.2d 1391, 1395.) Appellant made no showing to the contrary, that this reason was pretextual or that respondent acted in bad faith toward him; the motion for summary judgment was therefore properly granted. (*Crosier* v. *United Parcel Service, Inc.* (1983) 150 Cal.App.3d 1132, 1138-1139, 1140 [198 Cal.Rptr. 361].)

■ Appellant cites *Pugh* v. *See's Candies, Inc.* (1981) 116 Cal.App.3d 311, 327 [171 Cal.Rptr. 917], for its statement that an implied in fact promise of continued employment may be inferred from various factors including the employee's longevity of service, personnel policies of the employer, specific assurances of continued employment and industry practice. But such cases as *Pugh* are concerned with determining whether the employment contract is at will (permitting arbitrary dismissal) or subject to a requirement of good cause. (*Id.,* at pp. 324-329.) Even when the implied promise of continued employment is found, it is only a promise not to terminate the employment without " '. . . *some good reason* . . .' " or " 'a fair and honest cause or reason, regulated by good faith . . . .' " (*Id.,* at pp. 325, 330, italics in original.) Here the trial court assumed the issue of contractual interpretation in appellant's favor but respondent's uncontradicted evidence showed a legitimate business reason for terminating appellant. Courts must take care not to interfere with the legitimate exercise of managerial discretion. Appellant did not claim the offered reason was pretextual and thus he failed to raise a triable issue of fact. (*Id.,* at p. 329; *Crosier* v. *United Parcel Service, Inc., supra,* 150 Cal.App.3d 1132, 1138-1139, 1140.)

■ Finally, citing *Wallis* v. *Superior Court* (1984) 160 Cal.App.3d 1109 [207 Cal.Rptr. 123], appellant argues that in making its reorganization decision respondent was obliged to consider appellant's economic interests, and that summary judgment should have been denied in the absence of a showing by respondent that "the economic difficulties which COACHMEN claims to have been encountering were such that terminating CLUTTERHAM was reasonable in light of the relationship of the parties and CLUTTERHAM's expectation of receiving the benefit of his agreement." This argument is

wholly without merit, as *Wallis* has no application to the instant case. The issue in *Wallis* was whether a breach of contract, which had been established by a partial summary judgment in the plaintiff's favor, could also constitute a tort. Here the issue is whether there was a breach of contract at all. *Wallis* did not involve an employment contract but a contract to pay the equivalent of a pension to a former employee for a fixed number of years. The defendant simply ceased making the required payments, citing lack of profitability. (*Id.*, at p. 1113.) Likening the contract to a disability insurance policy, the court held that under all the circumstances the plaintiff had adequately pleaded a tortious bad faith breach of contract. (*Id.*, at pp. 1116-1117.) Nothing in *Wallis* suggests that in making the business judgment to reorganize its marketing operations respondent had a duty to consider appellant's economic interests and try to preserve his job if possible.

The judgment is affirmed.

Hastings, J., and Eagleson, J., concurred.