956 F.2d 1167
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David LEE, Plaintiff,
and
James J. McMullen; Jimmie Yosten, Plaintiffs-Appellants,
v.
GENERAL SIGNAL, INC., Defendant-Appellee.
 No. 90-15870.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 7, 1991.
Decided March 3, 1992.
 
 Before WILLIAM A. GOODWIN, NORRIS and DAVID R. THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 FACTUAL BACKGROUND
 
 2
 Appellants James J. McMullen and Jimmie Yosten were employed for approximately eight years as managers in subsidiary divisions of General Signal Corporation ("GSC").[1] While at GSC they both participated in a stock option plan which, when vested, would have entitled them to purchase a combined total of 100,000 shares of company stock at well below market price. This plan specifically stated that:
 
 
 3
 Neither this Plan or any option granted under the Plan shall confer upon any individual any right with respect to continuance of employment by the Corporation or any of its affiliates, nor shall they interfere in any way with the right of the Corporation or any of its affiliates to terminate his employment at any time.
 
 
 4
 During the summer of 1987, GSC restructured its operations. As part of this reorganization, McMullen and Yosten were fired from their positions with the company. As a result, they were unable to exercise any of the options under the stock option plan.
 
 
 5
 McMullen and Yosten sued GSC, alleging that they could be terminated only "for cause" and that GSC had failed to establish a legitimate reason for their firing. The district court granted GSC's motion for summary judgment. This appeal followed.
 
 DISCUSSION
 
 6
 We review de novo a district court's grant of summary judgment. Alaska Airlines, Inc. v. United Airlines, Inc., 948 F.2d 536, 539 (9th Cir.1991). Summary judgment is appropriate where the pleadings and supporting materials show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).
 
 
 7
 The appellants argue that a genuine factual dispute existed concerning: (1) whether GSC needed good cause to fire them, and if so, (2) whether such cause actually existed.
 
 
 8
 The threshold question on appeal is whether the stock option plan represents a final and integrated express agreement concerning the appellants' employment status. If so, it cannot be contradicted by any prior agreements between the parties. Slivinsky v. Watkins-Johnson Co., 221 Cal.App.3d 799, 804, 270 Cal.Rptr. 585 (1990).
 
 
 9
 Whether an agreement is integrated depends on the intent of the parties. Wagner v. Glendale Adventist Medical Center, 216 Cal.App.3d 1379, 1385, 265 Cal.Rptr. 412 (1989). Here, the stock option plan expressly provides that the appellants are not entitled to continued employment and that GSC could terminate them at any time. The plan does not discuss any other aspects of the employment relationship, however. Further, it can be amended at GSC's discretion. Both factors indicate that the plan was not intended as a final embodiment of the terms of the appellants' employment. McClain v. Great American Ins. Co., 208 Cal.App.3d 1476, 1485, 256 Cal.Rptr. 863 (1989).
 
 
 10
 We reject GSC's argument that Shapiro v. Wells Fargo Realty Advisors, 152 Cal.App.3d 467, 199 Cal.Rptr. 613 (1984), controls. In Shapiro, a California court examined a stock option plan which stated that:
 
 
 11
 Nothing in this Stock Option Agreement or in the Plan shall confer upon the Employee any right to continue in the employ of the Trust of the Advisor or shall interfere with or restrict in any way the rights of the Trust or the Advisor, which are hereby expressly reserved, to discharge the Employee at any time for any reason whatsoever, with or without good cause.
 
 
 12
 Id. at 473 n. 1. The court held that this provision expressly defined the employment relationship as at will.
 
 
 13
 The agreement in Shapiro was unambiguous. It put employees on express notice that they could be fired "for any reason" and "without good cause." Further, it could not be amended by either party. The absence of these elements in the present case makes Shapiro distinguishable.
 
 
 14
 Because the stock option plan is not an integrated expression of the appellants' employment status, evidence of GSC's employment policies, the duration of the appellants' employment, and prior assurances of continued employment may be introduced to show the parties intended to forego California's statutory presumption of at-will employment.[2] Foley v. Interactive Data Corp., 47 Cal.3d 654, 680, 254 Cal.Rptr. 211, 765 P.2d 373 (1988). Here the appellants proffered evidence on each of these issues which, if believed by the trier of fact, would indicate the parties impliedly agreed to restrict GSC's ability to fire them without cause. As a result, a genuine dispute exists as to whether GSC needed good cause to fire the appellants.
 
 
 15
 GSC argues that even if good cause was required, summary judgment was still appropriate because there is no genuine factual dispute as to whether such cause existed.
 
 
 16
 According to GSC, the appellants' positions within the company were eliminated as part of a firm-wide reorganization. GSC claims this constituted good cause for terminating them. E.g., Gianaculas v. Trans World Airlines, Inc., 761 F.2d 1391, 1395 (9th Cir.1985) (termination based on general reduction in work force constituted "good cause" under California law); Clutterham v. Coachmen Industries, Inc., 169 Cal.App.3d 1223, 1227, 215 Cal.Rptr. 795 (1985) (similar).
 
 
 17
 McMullen and Yosten have presented deposition testimony from a number of GSC managers indicating no general work force reduction occurred at GSC. Two of these managers stated that they were unaware of any other layoffs at the company during the summer of 1987. Further, three managers stated that GSC hired a number of people from outside the company to fill positions similar to those held by the appellants. This evidence raises a genuine issue of fact as to whether GSC had good cause to fire the appellants.
 
 
 18
 REVERSED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Plaintiff David Lee was dismissed from the case in state court before the action was removed to federal court and is not a party to this appeal
 
 
 [2]
 California Labor Code § 2922 establishes a presumption of at-will employment if the parties have made no express oral or written agreement specifying the length of employment or the grounds for termination