972 F.2d 1343
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Frank TODD, Plaintiff-counter-defendant-Appellant
v.
HARCOURT BRACE JOVANOVICH, Defendant-Appellee;
Sea World Inc., Defendant-counter-claimant-Appellee.
 No. 91-55967.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 8, 1992.*
Decided July 28, 1992.
 
 1
 Before SNEED and D.W. NELSON, Circuit Judges, and ROLL, District Judge.***
 
 
 2
 MEMORANDUM***
 
 
 3
 Frank Todd, a former corporate officer of defendants Sea World and Harcourt Brace Jovanovich (jointly "Harcourt"), appeals the district court's grant of summary judgment in favor of Harcourt on his claims of breach of an implied contract not to discharge him without good cause and breach of the implied covenant of good faith and fair dealing. He also appeals the district court's dismissal of his claim of wrongful discharge in violation of public policy for failure to state a claim under Fed.R.Civ.P. 12(b)(6).
 
 
 4
 Because Todd has not produced sufficient evidence that he was dismissed without good cause or under pretext to counter Harcourt's compelling evidence that he was discharged for financial reasons, we affirm the district court's grant of summary judgment on his first two claims. We also affirm dismissal of his third claim, because he has failed to establish that his termination violated a fundamental and substantial public policy.
 
 STANDARD OF REVIEW
 
 5
 An order granting summary judgment is reviewed de novo. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990). In reviewing a grant of summary judgment, we must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Tzung v. State Farm Fire and Casualty Co., 873 F.2d 1338, 1339-40 (9th Cir.1989). Because this is a diversity action, we apply California law. Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938). The court reviews de novo a dismissal for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). Kruso, 872 F.2d at 1421.
 
 DISCUSSION
 
 6
 1. Breach of an Implied-In-Fact Contract Not to Discharge Without Good Cause
 
 
 7
 In California, employment is presumed to be at will and an employee can be fired without cause unless there is an express or implied agreement to the contrary. Foley v. Interactive Data Corp., 765 P.2d 373, 376 (Cal.1988); Cal.Lab.Code § 2922 (West 1989) (establishing presumption of at-will employment). Foley and its progeny hold that, despite California's traditional at-will presumption, an employer's course of conduct can imply an agreement not to discharge an employee except for good cause. Id. at 385-87; see also Kern v. Levolor Lorentzen, Inc., 899 F.2d 772, 775-76 (9th Cir.1990).
 
 
 8
 Todd contends that Harcourt's conduct established an implied-in-fact contract not to discharge him without good cause. We express no opinion on the existence of an implied contract. Even assuming the existence of an implied contract, summary judgment is still proper, because Todd has not established a genuine issue of fact as to whether he was fired without good cause.
 
 
 9
 Harcourt produced overwhelming factual evidence that Todd was discharged because of a financial crisis the corporation was experiencing in the first half of 1988. Shortly after Todd's termination, Harcourt released 700 employees because of its financial problems, including another corporate officer.[1] Under California law, termination of employment occasioned by economic circumstances is considered to be termination for good cause. See Schneider v. TRW, Inc., 938 F.2d 986, 990 (9th Cir.1991) (applying California law); Gianaculas v. Trans World Airlines, Inc., 761 F.2d 1391, 1395 (9th Cir.1985) (applying California law); Clutterham v. Coachmen Industries, Inc., 215 Cal.Rptr. 795 (Ct.App.1985). Because Todd has not adduced sufficient evidence to counter Harcourt's evidence that its economic problems resulted in Todd's discharge, no genuine triable issue of fact exists on this point.
 
 
 10
 Whereas Todd concedes that the company was experiencing financial problems, he contends that those problems were not the cause of his own termination, but merely a pretext under which a "vindictive" superior, Asper, operated to have him removed. Yet Todd offers no factual support for his assertion that Asper was involved in his discharge; he claims simply that the managers in charge of the meeting at which his position was eliminated were "aware of Asper's desire to eliminate Todd." Furthermore, employee Goldsmith's deposition testimony that Asper told him he was "out to get Todd," even if construed to mean "get him fired," does not establish that Asper had any role in Todd's termination. These unsubstantiated allegations are insufficient to establish a genuine issue of material fact. Cf. Schneider, 938 F.2d at 992 (evidence of supervisor's dislike of employee immaterial in light of the fact that the decision was made without consultation with the supervisor). We affirm the grant of summary judgment.
 
 
 11
 2. Breach of the Implied Covenant of Good Faith and Fair Dealing
 
 
 12
 California law imposes a duty of good faith and fair dealing in the performance of every contract, which requires that neither party " 'do anything which will deprive the other of the benefits of the agreement.' " Kern, 899 F.2d at 777 (quoting Seaman's Direct Buying Service, Inc. v. Standard Oil Co., 686 P.2d 1158, 1166 (Cal.1984)). Todd argues that Harcourt breached the covenant by firing him without cause under pretext of the massive work force reduction Harcourt instituted as a result of its economic crisis.
 
 
 13
 Because Todd has not been able to establish a triable issue of fact that he was not discharged for good cause or under pretext of the uncontroverted work force reduction, summary judgment is also proper on his claim of breach of the implied covenant of good faith and fair dealing. Malmstrom v. Kaiser Aluminum and Chem. Corp., 231 Cal.Rptr. 820, 832 (Ct.App.1986) (financial purpose for discharge defeats breach of covenant of good faith and fair dealing claim).
 
 
 14
 3. Wrongful Discharge in Violation of Public Policy
 
 
 15
 Todd claims that his discharge violated the public policy protecting endangered species embodied in the Federal and California Endangered Species Acts. California recognizes a cause of action for wrongful discharge in violation of public policy that is substantial, fundamental, and firmly established. Foley, 765 P.2d at 376, 380 n. 11 (citing Tameny v. Atlantic Richfield Co., 610 P.2d 1330 (Cal.1980)); Gantt v. Sentry Ins., 824 P.2d 680, 684, 688 (Cal.1992) ("Employees are protected against employer actions that contravene fundamental state policy.").
 
 
 16
 Todd has failed adequately to plead that he was discharged in violation of public policy under California law. Todd has not alleged that he was fired for refusing to violate the state or federal endangered species acts, for reporting any violations of the acts, or for exercising any duty or right under the statutes. See Gantt, 824 P.2d at 684 (outlining the categories within which a public policy claim ordinarily falls). He has not alleged a specific violation by Harcourt of any provision of either act. Id. at 688 ("the public policy exception presents no impediment to employers that operate within the bounds of law"). More importantly, he alleges no specific facts creating any nexus whatsoever between his firing and any violation of public policy.
 
 
 17
 Todd's claim of wrongful discharge in violation of public policy was properly dismissed.
 
 
 18
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable John M. Roll, United States District Judge for the District of Arizona, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 A third corporate officer was transferred to a different position