976 F.2d 736
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James BAKER, Plaintiff-Appellee,
v.
OTTAWAY NEWSPAPERS, INC., dba Santa Cruz Sentinel Publishers
Company, et al., Defendant-Appellant.
 No. 90-16097.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 14, 1992.
Decided Sept. 17, 1992.
 
 1
 Before FLETCHER and T.G. NELSON, Circuit Judges, and WILSON,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Santa Cruz Sentinel Publishers, Inc. (Sentinel) appeals a judgment of wrongful termination in favor of a former employee, James Baker. Baker brought suit against Sentinel alleging that it had breached both an implied agreement not to terminate him without good cause and an implied covenant of good faith and fair dealing when it fired him after thirty-seven years of employment. The district court, exercising jurisdiction over this diversity action pursuant to 28 U.S.C. § 1332 and applying California law, awarded Baker $132,457 in damages after the completion of a bench trial. We affirm.
 
 IMPLIED CONTRACT
 
 4
 Sentinel's main argument is that its employment contract with Baker was at-will under Cal.Labor Code § 2922. Sentinel acknowledges, as it must, that the statutory presumption of at-will employment can be overcome by the factors described in Foley v. Interactive Data Corp., 765 P.2d 373 (Cal.1988): "the personnel policies or practices of the employer, the employee's longevity of service, actions or communications by the employer reflecting assurances of continued employment, and the practices of the industry in which the employee is engaged." Id. at 387 (citing Pugh v. See's Candies, Inc., 171 Cal.Rptr. 917, 925-26, 116 Cal.App.3d 311, 327 (1981)).
 
 
 5
 Sentinel argues nonetheless that a court need not get to the Foley factors "[i]f there is dispositive evidence that" both employer and employee understood the contract was "at-will." It further argues that this panel must enforce the "actual understanding" of the parties which would mandate reversal in this case. Sentinel points to one isolated statement by Baker on cross-examination as proof that Baker understood his employment to be at-will: Baker "testified that [Sentinel's employee] hand book[1] was simply a reiteration of existing policy," which Sentinel interprets to mean at-will.
 
 
 6
 Sentinel's argument fails. Baker's statement, and the handbook passage he refers to, do not provide a clear indication that Baker understood his employment to be at-will. The district court properly followed Foley 's exhortation to consider the "totality of the circumstances" and determined, as a matter of fact, that Baker had a "reasonable expectation that [his] employment ... [was] not at-will." It was not clear error for the district court to reach this conclusion.
 
 
 7
 Sentinel had employed Baker for over thirty-seven years. During that time he had done his job well, consistently meeting his performance targets. On several occasions, Sentinel acknowledged the value of Baker's service in terms providing an assurance of continued employment. Only a few months prior to his termination, for example, Baker received a letter from a Sentinel vice president which expressed appreciation for his work and "a need [for his] insights and spirited assistance in the months and years ahead." Moreover, Sentinel's employee handbook strongly implies that employees like Baker will not be fired without good cause, elaborating as it does, in a section entitled "Causes for Discharge," on the specific types of conduct that can result in termination.
 
 
 8
 Foley identifies an employee's longevity of service, the personnel policies of his or her employer, and any communications by the employer suggesting a likelihood of continued employment, as important factors to consider in determining the character of an employment relationship. The district court did not err here in concluding, on the basis of those factors, that Sentinel could not terminate Baker at-will.
 
 GOOD CAUSE
 
 9
 Sentinel argues that the district court incorrectly placed the burden of proving good cause on it when the law prescribed that all it needed to do was "come forward with evidence as to the reasons." It is true the ultimate burden is on the employee to prove that he was wrongfully terminated. See Pugh 117 Cal.Rptr at 327. But it is not true that any reason that the employer offers will be sufficient to "meet the employer's obligations" not to terminate for anything less than good cause. Id. The district court did not clearly err in concluding that none of the reasons advanced by Sentinel for Baker's termination amount to good cause. Baker's lack of animated participation at weekly sales meetings, his brusque or agitated behavior on two occasions, and his repositioning of his desk do not resemble the sorts of reasons that would serve, as suggested by Sentinel's own employee handbook,[2] to justify the firing of an employee of thirty-seven years without warning.
 
 
 10
 Nor do we agree with Sentinel that Baker's termination represented a business judgment which the district court should have declined to review. The reasons offered by Sentinel for firing Baker are not analogous to those which the California courts, in cases cited to by Sentinel, have deemed worthy of such deference. In Gonzales v. MetPath, Inc., 262 Cal.Rptr. 654, 214 Cal.App.3d 422 (1989), for example, a California appeals court upheld a decision to promote one individual at a higher salary than another because the decision was based on the greater relocation expenses which the former would incur as well as on his superior educational qualifications, work experience and past job performance evaluations. Id., 262 Cal.Rptr. at 656. In Clutterham v. Coachman Industries, Inc., 215 Cal.Rptr. 795, 169 Cal.App.3d 1223 (1985), the court upheld a termination predicated on an overall business slowdown and a corporate decision to reorganize certain divisions. Id., 215 Cal.Rptr. at 797.
 
 
 11
 Sentinel's reasons for firing Baker, on the other hand, had little to do with economics. Sentinel did not introduce any evidence that Baker was not fulfilling his sales responsibilities or that his position had become redundant. We cannot uphold Sentinel's termination of a valued thirty-seven year employee on the grounds of "business judgment" without any evidence to support that claim.
 
 GOOD FAITH
 
 12
 Sentinel argues that this panel need not reach the covenant of good faith and fair dealing question because Baker was an at-will employee. Under California law, however, even an at-will employee must be terminated in good faith. The district court noted that Sentinel "failed to put forth any significant probative evidence that it had an honest belief that there were good reasons for the discharge." Therefore, Sentinel's argument fails.
 
 
 13
 In the alternative, Sentinel argues that the covenant of good faith is imputed only to fill gaps in a contract and to "preserve the benefit of the bargain," and that here there was no gap to fill since the bargain was an at-will employment contract. Sentinel then argues that even if we find a covenant, it cannot be breached unless termination was an unforeseen event. Since Baker understood that the company could fire him for any reason, Sentinel continues, his termination was foreseeable and therefore not in bad faith. This argument fails. Essentially the same evidence that supports Baker's other claims applies here. The district court's findings are amply supported while Sentinel relies on selected and clearly disputed facts.
 
 DAMAGES
 
 14
 Sentinel questions three elements of the district court's damage award: the inclusion of Baker's costs of travelling to his new job in the computation of general damages, the calculation of Baker's actual wage loss, and the calculation of his pension benefits.
 
 Travel Costs
 
 15
 Sentinel argues that travel costs are special damages requiring that the injury be "known or [that it] should have been known" at the time the parties entered the contract. The district court applied a foreseeability test in awarding travel costs. Cal.Civ.Code § 3300 supports this approach, allowing for contract damages that are "proximately caused" or "which in the ordinary course of things, would likely result." The district court's finding of foreseeability represents a factual determination that is amply supported by the record.
 
 Salary
 
 16
 Sentinel argues that the district court incorrectly calculated damages based on the assumption that Baker's salary was $37,596 per year. This argument fails. Management had agreed to pay up to $12,000 in bonus pay to Baker for 1987 in addition to his normal wages of $25,000. There was no evidence to support the assumption that Baker's compensation would diminish after 1987. The district court's findings cannot be said to be clearly erroneous or without foundation in the record.
 
 Pension
 
 17
 Sentinel argues that because Baker elected pension benefits which included a survivor's annuity, the full amount of those benefits should not have been included in the damages award, particularly since both parties' experts indicated it would be reasonable to deduct the survivor's benefit. However, Sentinel does not claim the experts testified that it was unreasonable to calculate the pension payments as the district court did. Thus, we cannot say that the district court erred in its method of calculation.
 
 ATTORNEY FEES FOR APPEAL
 
 18
 Baker seeks attorney fees under Fed.R.App.P. 38 for defending its claim on appeal. To receive attorney fees and costs an appellant must show that the appeal was frivolous or pursued as a means of delay. See L.B. Industries, Inc. v. Smith, 817 F.2d 69 (9th Cir.1987). The district court, after sitting through trial as the trier of fact, made extensive findings against the Appellant. However, the Appellant has made legitimate arguments challenging the district court's findings of fact and conclusions of law and those arguments cannot be said to be meritless.
 
 
 19
 Appellee's application for attorneys fees on appeal is DENIED. The judgment appealed from is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Stephen V. Wilson, United States District Judge for the Central District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The isolated paragraph from the handbook that Appellant's counsel had Appellee read and then comment on stated as follows: "Although the employer has the right to discharge for any reason whatsoever, terminating an employee is not something we take lightly, and will usually come only after careful consideration and fair warning."
 
 
 [2]
 The handbook lists grounds for termination that include incompetency, insubordination, dishonesty, theft, intoxication, chronic tardiness or absence, and attempts to interfere with the production of the paper