988 F.2d 117
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
ARNOLD WAXMAN, INC., d/b/a A & R Sales Agency, Plaintiff-Appellant,
v.
BRANDOM MANUFACTURING CO., INC., a Texas corporation, et al.
Defendants-Appellees.
 No. 91-16494.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 5, 1992.*
Decided Feb. 11, 1993.
 
 Appeal from the United States District Court for the Eastern District of California, No. CV-90-00171-LKK; Lawrence K. Karlton, Chief District Judge, Presiding.
 E.D.Cal.
 AFFIRMED AND REMANDED.
 Before GOODWIN, FARRIS and PREGERSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Arnold Waxman, Inc. appeals a summary judgment and sanctions in his wrongful termination action against his employer, Brandom Manufacturing Co., Inc. We affirm.
 
 
 3
 Brandom Manufacturing Co., Inc. ("Brandom"), a manufacturer of kitchen cabinetry, was purchased by Halcorp Holdings, Ltd. ("Halcorp") for approximately $3.8 million in September 1987. As a result of the purchase, Halcorp also acquired relationships with various independent manufacturer's sales representatives, including Arnold Waxman, Inc. ("Waxman") who had promoted the sale of Brandom products since 1985.
 
 
 4
 During 1988, Brandom experienced severe financial difficulties. Its sales declined and existing collection problems grew worse. The 1988 year-end audit, completed in March 1989, confirmed that Brandom had suffered nearly $2 million in losses. In an effort to improve the financial condition of the company, Brandom began reorganization efforts in the fall of 1988. Brandom replaced management, instituted changes in its production method, reduced its work force from 250 employees to 180, and improved collection procedures. Brandom also switched to direct sales and terminated all of its independent manufacturer's sales representatives, including Waxman, on January 25, 1989.
 
 
 5
 On December 22, 1989, Waxman filed a wrongful termination action in state court against Brandom, Halcorp, and Hannu T. Halminen, Halcorp's controlling shareholder, alleging: 1) breach of contract; 2) intentional interference with a business relationship; 3) negligent misrepresentation; 4) intentional misrepresentation; and 5) breach of the covenant of good faith. Defendants removed the case to the District Court for the Eastern District of California.
 
 
 6
 After lengthy discovery and numerous motions, the district court granted Brandom's motion for summary judgment and sanctioned Waxman's attorney $650 for failing to file a timely opposition. The court held that the termination of employees in response to adverse economic circumstances is within the discretion of the employer and constitutes good cause. The court assumed for the purpose of the motion that Waxman was not an at-will employee. The court also found no support for Waxman's claim of intentional and negligent misrepresentation. Waxman conceded that summary judgment should be granted on the claim of interference with a business relationship. On appeal, Waxman does not contest the district court's holding with respect to its intentional and negligent misrepresentation claims. Because these claims have been abandoned, we will not address them. See Williams v. Caterpillar, Inc., 944 F.2d 658, 667 (1991).
 
 
 7
 Waxman argues that the district court erred in its determination that Brandom had good cause for the discharge. Good cause means that an employer had a " 'fair or honest cause or reason' " for terminating an employee. Pugh v. See's Candies, Inc., 203 Cal.App.3d 743, 769 (1988). There is good cause if the reasons articulated by the employer were not "trivial, capricious, unrelated to business needs or goals, or pretextual." Id. at 769-70. Under California law, reductions in the work force necessitated by the economic circumstances of a company constitute good cause. See Gianaculas v. Trans World Airlines, Inc., 761 F.2d 1391, 1395 (9th Cir.1985); Malmstrom v. Kaiser Aluminum & Chemical Corp. 187 Cal.App.3d 299, 321 (1986); Clutterham v. Coachmen Indus., Inc., 169 Cal.App.3d 1223, 1226-27 (1985). Here, it cannot be said that Brandom's conduct was either arbitrary or unreasonable. Brandom has shown that the decision to terminate all of its independent manufacturer's sales representatives was part of a larger restructuring effort to remedy the company's financial ills which resulted in losses of nearly $2 million in 1988.
 
 
 8
 Waxman does not dispute that Brandom had significant financial problems, but argues that they were brought on by alleged self-dealing by Hannu T. Halminen, the controlling shareholder of Halcorp.
 
 
 9
 Waxman, however, offered no evidence that Halminen's conduct was either improper or that it was the cause of Brandom's subsequent financial troubles. The test for good cause does not require that a company's depressed economic conditions be attributable solely to external market forces. It is only necessary that Brandom demonstrate the existence of a legitimate business reason for its decision. See Clutterham v. Coachmen Indus., Inc., 169 Cal.App.3d 1223, 1227 (1985). Brandom's financial difficulties were real and the elimination of all of the independent sales representatives was a "legitimate exercise of managerial discretion." Id. There was no error in granting summary judgment.
 
 
 10
 Waxman also challenges the sanctions imposed on counsel. We review a district court's decision to impose sanctions under an abuse of discretion standard. See Mackey v. Pioneer Nat'l Bank, 867 F.2d 520, 526 (9th Cir.1989). Waxman's attorney, William O'Mara, cites his health, problems with the mail, and an unexpected trial in another case to explain the delays and missed deadlines for which the district court imposed $650 in sanctions. We recognize that there was no bad faith on the part of Mr. O'Mara, but his explanations do not excuse his failure to comply with the district court's deadlines. We therefore find no abuse of discretion. The sanctions imposed by the district court are affirmed.
 
 
 11
 Appellees argue that Waxman's appeal was frivolous and request that we grant them costs and attorney's fees pursuant to 28 U.S.C. § 1912 and Federal Rule of Appellate Procedure 38. An appeal is frivolous if the appellant's arguments are without merit and the outcome is certain. See McConnell v. Critchlow, 661 F.2d 116, 118 (9th Cir.1981). The arguments presented by Waxman have no merit and few of the cases cited for support were even on point. We grant appellees' request for costs and attorney's fees.
 
 
 12
 We AFFIRM the district court's grant of summary judgment and the imposition of sanctions, and REMAND for a determination of reasonable attorney's fees.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3