92 F.3d 1193
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gregory RICHARD, Plaintiff-Appellant,
v.
CALIFORNIA INSTITUTE OF TECHNOLOGY JET PROPULSION
LABORATORY; John Vasbinder; Donald McQuarie;
Don Howard; Does 1-200, Defendants-Appellees.
 No. 95-56370.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 29, 1996.*
Decided Aug. 5, 1996.
 
 Before: HUG, Chief Judge, SCHROEDER, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gregory Richard appeals pro se the district court's summary judgment in favor of his former employer, California Institute of Technology Jet Propulsion Laboratory ("JPL"). Richard contends that his discharge was racially motivated and thus violative of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-1-2000e-17 ("Title VII"), 42 U.S.C. § 1981, and the California Fair Employment and Housing Act ("FEHA").[1] Richard also contends that JPL breached the implied covenant of good faith and fair dealing when laying him off. We have jurisdiction under 28 U.S.C. § 1291. We affirm.
 
 
 3
 We review de novo the district court's grant of summary judgment and view the evidence in the light most favorable to the non-moving party to determine whether there are any genuine issues of material fact. Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir.1995), cert. denied, 116 S.Ct. 1261 (1996).
 
 A. Employment Discrimination Claims
 
 4
 In a Title VII case, after the employee establishes a prima facie case of employment discrimination, the employer must articulate a legitimate non-discriminatory reason for the adverse employment decision. See Wallis v. J.R. Simplot Co., 26 F.3d 885, 889 (9th Cir.1994). If the employer offers such a reason, then the employee must demonstrate that employer's proffered reason is but a pretext. See Wallis, 26 F.3d 889. At the summary judgment stage, the employee "must produce specific, substantial evidence of pretext" to prevail. Id. at 890 (quotations omitted); cf. Warren, 58 F.3d at 443-44 (holding that the fact that lower ranked non-minority applicants were hired, together with statistical evidence regarding general policy and practice, subjective criteria used in hiring, and allegation of racist comments raised a genuine issue of material fact as to employer's proffered reason); Lindahl v. Air France, 930 F.2d 1434, 1437-39 (9th Cir.1991) (holding that employee barely offered sufficient facts that could call into questions of employer's non-discriminatory explanations).
 
 
 5
 Upon our review of the record, we conclude that Richard did not produce "specific, substantial evidence" to raise a genuine issue regarding JPL's proffered non-discriminatory reason for his lay-off. See Wallis, 26 F.3d at 890; cf. Warren, 58 F.3d at 443-44; Lindahl, 930 F.2d at 1437-39.[2]
 
 
 6
 Insofar as Richard attempted to establish pretext by introducing evidence that his co-workers had shown disrespect towards him because of his race and had made racially offensive remarks, he failed to show the conduct or remarks had directly influenced the employer's lay-off decision. See Nesbit v. Pepsco, Inc., 994 F.2d 703, 705 (9th Cir.1993) (holding discriminatory remarks "uttered in an ambivalent manner" and "not tied directly" to employment decision was at best "weak circumstantial evidence of discriminatory animus" and insufficient to defeat summary judgment).
 
 
 7
 Richard also attempted to establish pretext by claiming that he was hired under a special program which exempted him from the employer's budget. Although one of JPL's witnesses testified at a deposition that Richard's position was created under a special program, no evidence suggested that Richard was not subjected to the budget constraints. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986) ("If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.") (citations omitted); Warren, 58 F.3d at 443 (generalizations insufficient to overcome summary judgment).
 
 B. Breach of Contract Claim
 
 8
 Richard argues that JPL breached the implied covenant of good faith and fair dealing when laying him off. However, a reduction in work force, as claimed by JPL, constitutes a good cause for employment termination under California law. See Clutterhan v. Coachmen Indust., Inc., 215 Cal.Rptr. 795, 796 (Cal.App.1985).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Richard's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Standards for reviewing a § 1981 claim and a Title VII claim are identical. See Williams v. Edward Apffels Coffee Co., 792 F.2d 1482, 1484 (9th Cir.1986). Additionally, California's FEHA is "based on Title VII," Pallas v. Pac. Bell, 940 F.2d 1324, 1327 (9th Cir.1991); University of S. Cal. v. Superior Court, 222 Cal.App.3d 1028, 1035 (Cal.App.1990). Therefore, our decision resolving Richard's Title VII claim also resolves his § 1981 and state FEHA claims. See Reynolds v. County of San Diego, 84 F.3d 1162, 1170-1171 (9th Cir.1996)
 
 
 [2]
 We assume, without deciding, that Richard established a prima facie case of employment discrimination under Title VII
 Richard apparently attempted to establish his employment discrimination claim under the "mixed motive" theory by alleging that the discriminatory motive at least played a role in his discharge. However, Richard's case does not involve "mixed motive" and will not succeed on such a theory. See Price Waterhouse v. Hopkins, 490 U.S. 228, 240 n. 6, 247 n. 12 (1989).