110 F.3d 67
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William H. CULBERTSON, Plaintiff-Appellant,
v.
Joseph S. SCHUCHERT; Kelso & Company, Defendants-Appellees.
 No. 95-55108.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 10, 1997.*
Decided March 27, 1997.
 
 1
 Appeal from the United States District Court for the Central District of California, No. SA-CV-93-0653-GLT; Gary L. Taylor, District Judge, Presiding.
 
 
 2
 C.D.Cal.
 
 
 3
 AFFIRMED IN PART, REVERSED IN PART.
 
 
 4
 Before: FERNANDEZ and TASHIMA, Circuit Judges, and MERHIGE,** District Judge.
 
 
 5
 MEMORANDUM***
 
 
 6
 Appellant William Culbertson appeals the district court's grant of summary judgment against him in his action against his former employer for failure to pay a promised finder's fee and for breach of a promise of lifetime employment. The district court had jurisdiction over this removed case under 28 U.S.C. § 1332. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm in part and reverse in part.
 
 
 7
 We review de novo the district court's grant of summary judgment. King v. AC & R Advertising, 65 F.3d 764, 767 (9th Cir.1995).
 
 BACKGROUND
 
 8
 Culbertson worked for appellee Kelso & Co., a firm specializing in leveraged buy-outs. Appellee Joseph Schuchert is the senior partner of Kelso. Culbertson contends that Kelso promised him a $2 million finder's fee if he arranged for Kelso to purchase a large trucking company. Culbertson found a potential seller and lobbied the president of one of the seller's subsidiaries to encourage the sale to Kelso. After the sale, Kelso refused to pay Culbertson the finder's fee.
 
 
 9
 Culbertson also contends that subsequent to that purchase, Schuchert renewed his promise to Culbertson that Kelso would pay the finder's fee. Finally, Culbertson contends that at the time Schuchert renewed his promise to pay the finder's fee, he also promised Culbertson that he would always have a job with Kelso. In reliance on these promises, Culbertson turned down another job offer. Kelso then fired Culbertson.
 
 LIFETIME EMPLOYMENT
 
 10
 "Ordinarily a contract for permanent employment, for life employment, ... is interpreted as a contract for an indefinite period terminable at the will of either party, unless it is based on some consideration other than the services to be rendered." Ruinello v. Murray, 227 P.2d 251, 253 (Cal.1951). Here, Culbertson claims to have foregone another job offer in consideration for accepting the job with Kelso. Such a sacrifice is valid consideration. See Mangini v. Wolfschmidt, 331 P.2d 728, 733 (Cal.App.1958). Thus, the contract was enforceable.
 
 
 11
 However, as the district court noted and Culbertson concedes, even "permanent employment" can be terminated for good cause. Pugh v. See's Candies, Inc., 171 Cal.Rptr. 917, 924 (Cal.App.1981). A contract for permanent employment means "employment ... was to continue indefinitely, and until one or the other of the parties wish, for some good reason, to sever the relation." Id. (quoting Lord v. Goldberg, 22 P. 1126, 1128 (Cal.1889)).
 
 
 12
 The parties disagree, however, on what constitutes good cause. In defining good cause, care must be taken not to interfere with the legitimate exercise of managerial discretion. Pugh, 171 Cal.Rptr. at 928. The district court found it to be "undisputed that defendant terminated plaintiff for legitimate business reasons." Kelso states that it terminated Culbertson because it no longer needed his services, especially in regard to the analysis of trucking company acquisitions, due to changes in the market. Culbertson does not dispute this fact. Kelso's reason, especially considering the deference due to Kelso's business judgment, constitutes good cause to terminate Culbertson. Cf. Gianaculas v. Trans World Airlines, Inc., 761 F.2d 1391, 1395 (9th Cir.1985) (reduction in force necessitated by economic circumstances is good cause for terminating employment); Clutterham v. Coachmen Indus., Inc., 215 Cal.Rptr. 795, 797 (Cal.App.1985) (good cause for termination when corporation made business judgment to relocate with the result that appellant's services were no longer needed).
 
 
 13
 The district court did not err in granting defendants summary judgment on this claim.
 
 FINDER'S FEE
 
 14
 The district court found that Culbertson was a broker and thus could not recover any compensation without a license. Culbertson contends that he did not need a license because he was not directly involved in negotiations with the seller.
 
 
 15
 It is well settled in California that one acting as a securities broker must be licensed in order to recover agreed compensation for services rendered. Cal.Corp.Code § 25004 (person acting as a securities "broker-dealer" must be licensed in order to receive compensation; " 'Broker-dealer' means any person engaged in the business of effecting transactions in securities in this state for the account of others or for his own account.... Broker-dealer does not include (a) any other issuer, (b) an agent, when employee of a broker-dealer or issuer...."); Evans v. Riverside Int'l Raceway, 47 Cal.Rptr. 187, 192 (Cal.App.1965). A license is also required if a person induces or attempts to induce the purchase or sale of any security. Cal.Corp.Code § 25210. If Culbertson took part, however slight, in any negotiations, he is a broker and cannot recover his fee. See id.; Rhode v. Bartholomew, 210 P.2d 768, 774 (Cal.App.1949). If, however, Culbertson merely introduced the buyer and seller, then he can recover a finder's fee even though he does not have a license. See Freeman v. Jergins, 271 P.2d 210, 217 (Cal.App.1954).
 
 
 16
 The record is uncontradicted that Culbertson did far more than simply introduce the buyer and seller. He actively lobbied for and tried to induce the sale, albeit through the seller's intermediary. He, therefore, acted as a broker and cannot recover any compensation without a license. The district court correctly granted summary judgment to defendants on this claim.
 
 FRESH CONSIDERATION
 
 17
 The district court did not decide whether or not Schuchert's alleged renewed promise to pay the finder's fee after Kelso purchased the large trucking company resuscitated the otherwise invalid finder's fee. Culbertson argues that the finder's fee was so resuscitated.[1] We agree.
 
 
 18
 Even though Culbertson brokered a deal without a license in violation of law, he may still recover a finder's fee if subsequent to that deal, he entered into a new contract to earn his finder's fee and that new contract was supported by fresh consideration. See Johnson v. Johnson, 237 Cal.Rptr. 644, 647 (Cal.App.1987) (in certain circumstances, rule against enforceability of illegal contracts inapplicable where the public cannot be protected because the underlying transaction has been completed); Torrez v. Torrez (In re Torrez), 827 F.2d 1299, 1301 (9th Cir.1987). Culbertson meets the criteria of these cases for enforcement of the contract. Id.
 
 
 19
 Here, after the trucking company was purchased, Schuchert renewed his promise that Kelso would pay a finder's fee to Culbertson. This promise was supported by fresh consideration, as Culbertson turned down another job offer in reliance on this promise. See, e.g., Hepp v. Lockheed, 150 Cal.Rptr 408, 411 (Cal.App.1978) (continued employment is valid consideration); Chinn v. China Nat'l Aviation, 291 P.2d 91, 93 (Cal.App.1955) (same). This new and enforceable agreement is sufficient to support Culbertson's claim for the finder's fee. In light of the evidence adduced by Culbertson of a prima facie case, the district court erred in granting summary judgment to defendants on this claim.[2]
 
 CONCLUSION
 
 20
 For the foregoing reasons, the judgment is AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings. Each party shall bear his or its own costs.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 Honorable Robert R. Merhige, Senior United States District Judge for the Eastern District of Virginia, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Culbertson has not waived this claim, as it is alleged in his second amended complaint, pp 27-28
 
 
 [2]
 We emphasize that our conclusion is only that summary judgment should not have been granted on this issue, on this record; not as to who ultimately should prevail on the merits--a question on which we express no view and the answer to which must await a trial on the merits or, at least, further evidentiary development of the record on remand