993 F.2d 883
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert NEARGARDER, Plaintiff-Appellant,
v.
FMC CORPORATION, Defendant-Appellee.
 No. 91-16810.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 16, 1993.
Decided May 10, 1993.
 
 Before: SCHROEDER, PREGERSON, and D.W. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Robert Neargarder appeals from the district court's order of summary judgment in favor of FMC Corporation, Neargarder's employer and defendant in this action. Neargarder alleges that FMC discriminated against him in employment decisions based on age, violated an express and implied employment contract, and retaliated against him for raising these issues, all in violation of California law. The district court had jurisdiction under 28 U.S.C. § 1332. We have jurisdiction under 28 U.S.C. § 1291. We affirm.
 
 BACKGROUND
 
 3
 Robert Neargarder has been employed by FMC Corporation since January 1966. Over the years, Neargarder has received mostly positive evaluations for his work and has been promoted several times. However, in 1987, FMC restructured the division in which Neargarder works. Consequently, Neargarder's position was eliminated. Neargarder was 48 years old at the time.
 
 
 4
 At the same time, FMC created four new "Finance and Administration Manager" positions. FMC considered Neargarder for these positions, but selected other employees to fill them. Of the four employees transferred to these slots, two were men over forty, one was a woman in her late thirties, and one was a man in his early thirties. FMC also considered Neargarder for a position as the Contracts, Compliance, and Administration Manager. FMC ultimately offered that position to Joseph Ribera, a man one year younger than Neargarder.
 
 
 5
 FMC then offered Neargarder the position of Contracts and Proposals Manager. Although the salary level was two steps below his previous salary grade, his $75,000 annual salary was not reduced. Neargarder accepted this position.
 
 
 6
 In July 1988, Neargarder filed a discrimination charge with the Equal Employment Opportunity Commission ("EEOC"). In September 1988, Neargarder's supervisor, Joseph Ribera, reprimanded him in a letter for circulating among his staff the results of a "morale survey." In that month, Ribera also gave Neargarder a formal performance appraisal that indicated Neargarder needed improvement in some areas. In October 1988, Neargarder filed a claim for retaliation with the EEOC.
 
 STANDARD OF REVIEW
 
 7
 We review de novo an order of summary judgment. Jones v. Union Pac. R.R., 968 F.2d 937, 940 (9th Cir.1992). In so doing, we view the record in the light most favorable to Neargarder to determine whether there exist genuine issues of material fact regarding his claims. Id.
 
 DISCUSSION
 A. Age Discrimination in Employment
 
 8
 Claims of employment discrimination under the California Fair Employment and Housing Act are analogous to federal employment discrimination claims, and therefore are evaluated under federal law interpreting federal statutes. Williams v. Edward Apffels Coffee Co., 792 F.2d 1482 (9th Cir.1986); see also University of So. Calif. v. Superior Court, 222 Cal.App.3d 1028, 1035 (1990). Thus, Neargarder bears the ultimate burden of proving that age was a "determining factor" in FMC's decisions adversely affecting him. Steckl v. Motorola, Inc., 703 F.2d 392 (9th Cir.1983) (quoting Douglas v. Anderson, 656 F.2d 528, 531 (9th Cir.1981)).
 
 
 9
 The amended complaint alleges that Neargarder was demoted to a position "with the same nominal title as his previous position, but reporting to a former subordinate, and at a pay grade two steps below his former pay grade." However, the undisputed evidence demonstrates that Neargarder's position was eliminated by the reorganization, and that his new position is the result of a "transfer." It is also undisputed that Neargarder's salary was not reduced as a result of his transfer. In effect, Neargarder's claim must be characterized as a claim that FMC discriminated against him on the basis of his age in refusing to hire him for the management positions he sought.
 
 
 10
 To establish a prima facie case of age discrimination, Neargarder must demonstrate that (1) he was a member of the protected class (between 40 and 70 years of age); (2) he applied for an available position for which he was qualified; and (3) he was rejected "under circumstances which give rise to an inference of unlawful discrimination." Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 252-53 (1981). Cf. Rose v. Wells Fargo & Co., 902 F.2d 1417, 1422-23 (9th Cir.1990) (where employer reduces work force for economic reasons and voluntarily assumes duty to relocate workers, showing that "others not in the protected class were treated more favorably" gives rise to inference of discrimination).
 
 
 11
 Neargarder has failed to satisfy this preliminary burden. It is undisputed that Neargarder was a member of the protected class at the time of his "transfer." However, Neargarder's evidence does not demonstrate that he was qualified for the new management positions he sought. Although he testifies that he has a Bachelor of Science degree in mechanical engineering and a Masters degree in Business Administration with emphasis in federal government contract work, he does not provide evidence as to the job requirements of the positions. Thus, a jury would be unable to find that he was qualified for the new positions.
 
 
 12
 Even assuming that Neargarder was qualified for the new positions, his failure to raise an inference of discrimination defeats his claim at this summary stage. Neargarder presents no direct evidence of discrimination. Although he asserts that FMC management used charts showing the age of each candidate in the selection process, the record contains no evidence of such a chart. Furthermore, the statistical evidence is unpersuasive. Of the five positions Neargarder sought, three were filled by persons who were also members of the protected class. As Neargarder points out, this fact does not defeat his claim. See Cooper v. Federal Reserve Bank of Richmond, 467 U.S. 867, 878 (1984). Nevertheless, these statistics do not raise an inference of discrimination. See Rose, 902 F.2d at 1423 (to show prima facie case of disparate treatment based solely on statistics, statistics "must show a stark pattern of discrimination unexplainable on grounds other than age") (quoting Palmer v. United States, 794 F.2d 534, 539 (9th Cir.1986)).
 
 
 13
 Therefore, the district court properly granted summary judgment for defendant on this claim.
 
 B. Retaliation
 
 14
 Neargarder also alleges that FMC has retaliated against him for filing his age discrimination claim. Under California Government Code § 12940(f), no employer may discharge, expel, or otherwise discriminate against any person because the person has opposed discriminatory treatment by an employer.
 
 
 15
 The order of proof in a retaliation claim follows that of a discrimination claim. See Flait v. North Am. Watch Corp., 3 Cal.App.4th 467, 476 (1992). First, the plaintiff must establish a prima facie case of retaliation. If the defendant articulates a legitimate nonretaliatory explanation for its acts, plaintiff must then show that the proffered explanation is merely a pretext for the illegal adverse employment actions. Id.
 
 
 16
 To establish a prima facie case, a plaintiff must show that he engaged in a protected activity, his employer subjected him to adverse employment action, and there is a causal link between the protected activity and the employer's action. Neargarder has met his burden at this step. It is undisputed that Neargarder filed a discrimination claim with the EEOC. It is also undisputed that, after filing the claim, Neargarder's supervisor reprimanded him for conducting and releasing the results of a "morale survey." The proximity in time between filing the EEOC complaint and receiving the reprimand (two months) is sufficient to raise an inference of causation. Flait, 4 Cal.App.2d at 478 (citing Miller v. Fairchild Industries, Inc., 797 F.2d 727, 731-32 (9th Cir.1986)).
 
 
 17
 Neargarder also argues that FMC issued a poor performance appraisal and placed him on probation in retaliation for his age discrimination complaint. Neargarder points to no evidence, aside from the timing of this appraisal, to establish a causal link to his protected activities. However, it is undisputed that the performance evaluation was drafted by Neargarder's supervisor in May 1988--two months before Neargarder filed his charge with the EEOC. Thus, Neargarder has failed to establish a prima facie case with respect to this performance evaluation.
 
 
 18
 In response, Ribera testifies that Neargarder failed to exercise "even a modicum of managerial judgment" when he circulated the results of a "morale survey" without first discussing critical comments it contained with his supervisors. On summary judgment, this articulation of a legitimate reason for the reprimand shifts the burden back to Neargarder to demonstrate that FMC's stated reason is in reality a mere pretext. See Miller, 797 F.2d at 732.
 
 
 19
 To show pretext, Neargarder relies on his own declaration. Neargarder testifies that because the "morale survey" information distributed was factually accurate, a reprimand was unwarranted. However, FMC objected to the circulation of the survey results because Neargarder failed to discuss the findings with his superiors beforehand--not because the results were untrue or unreliable. Thus, Neargarder has failed to submit any evidence to support a finding that the reprimand was motivated by retaliation for Neargarder's discrimination complaint, rather than by legitimate business concerns.
 
 C. Breach of Contract
 
 20
 Finally, Neargarder alleges that FMC's conduct in assigning him to a position with a lower salary level violated the terms of an implied contract not to demote, discharge, or discipline him, except for good cause. See Pugh v. See's Candies, Inc., 116 Cal.App.3d 311, 329 (1981).
 
 
 21
 Neargarder does present evidence that could establish the existence of such a contract. However, this evidence must be excluded as inconsistent with Neargarder's prior deposition testimony, as well as with facts deemed admitted by Neargarder because of his failure to respond to a Request for Admissions.
 
 
 22
 Even if Neargarder were permitted to establish the existence of such a contract, he could not prevail on this claim. It is undisputed that Neargarder's position was eliminated as a result of a reorganization of FMC's "Ground Services Division." It is also undisputed that the goal of improved efficiency and competitiveness motivated this reorganization. Neargarder cannot succeed on this claim because FMC's business restructuring represents "good cause" as a matter of law. See Clutterham v. Coachmen Industries, Inc., 169 Cal.App.3d 1223, 1226-27 (1985) (business reorganization that results in elimination of employee's position constitutes good cause for discharge as a matter of law).
 
 
 23
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3